1  LINDBERGH PORTER, JR., CA Bar No. 100091
   lporter@littler.com
2  RICHARD H. RAHM, CA Bar No. 130728
   rrahm@littler.com
3  ALISON S. HIGHTOWER, CA Bar No. 112429
   ahightower@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
5  San Francisco, California  94108.2693
   Telephone:  415.433.1940
6  Fax No.:    415.399.8490

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  DENETRICE WILLIAMS, GREGORY          Case No.   **CV10 -4761 RSWL (PJWx)**
    SCHNEIDER, ALPHONSO RUDOLPH,
    DELORICE RICHARDSON, EARL            **NOTICE OF REMOVAL OF CIVIL**
13  REASON, MARK HAMILTON,               **ACTION TO FEDERAL COURT**
    MATHRO PARYANI, MICHELLE
14  HAYNES, RODRIGO VIANNA,
    SANDY BARRESI, STANLEY
15  SHECHTMAN, STEVE SHIRZADI,
    STEVEN FOX, JONATHAN FAROOK,
16  MICHAEL ALDAY, JAYSON
    BIACAN, OCTAVIO NAVARRO,
17  DENNIS DONOHUE, JOYCE DRAKE,
    BRIAN ROBBINS, DAWN WILEY,
18  JONATHAN SHRUM, DEBORAH
    RUSSELL, ERIC HORVAT, MANUEL
19  ESPARZA, JESSICA ROBINSON,
    KARIN BATES LASKOWSKI, RENAE
20  POWERS, CARRYNE LATADA,
    MARIA DE LA ROSA, CHERYL
21  DOHERTY, DANIEL ALTON, CONNIE
    HAFKER, JEFF HENDERSON,
22  JOSEPH MCGREEVY, LIDIA
    MURILLO, LORIE SUNGA,
23  MARGARET SABINO, NANCY
    VANNI, NORMA BUSTOS, PATRICK
24  ALEXANDER TOY, MATTHEW
    SORRENTI, PAMELA JOHNSON,
25  STEPHEN AGUAYO, THOMAS
    SCABARETI, SHANNON
26  MAGDALENO, BENJAMIN BRYAN,
    ARMANDO PADILLA, MARSHA
27  KAYE, CHER HORRICE, LINDA L.
    LANE, LINDA SUMMERS, LEE
28  NOTICE OF REMOVAL OF
    CIVIL ACTION TO FEDERAL
    COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
United States
415.433 1940

1  BOTSFORD, JACOB SWALWELL,
   JASVINDER SINGH, JERRY
2  REIMERS, CEILO RODRIGUEZ.
   NAZIM KARIM. WENDY POTEET,
3  DAVID COX, JEFFREY CEREDA,
   MICHAEL GOLINI JR., TINA DOVER,
4  YVETTE BONILLA, DIANA
   ANGUIANO, KAREN PIKE, TONI
5  SCHEXNAYDER, TRACY BORJA,
   TRAVIS TRAMEL, KIRK BRIDGES,
6  BENJAMJN HEINRICHS, JASON
   HOPSON, MECIA PADILLA,
7  CHARLES HAWKINS, KATHLEEN
   MATTHEWS, JEFF TARKINGTON,
8  PIA NAKAO, ELI NOLAN, GARY
   DAMSEN, ANTONIO CHÁVEZ,
9  ZARAK AFRIDI, RONALD
   SEQUEIRA, NORMA CAYWOOD, RA
10 YMOND VALITE, JAMES JACKSON
   JR., MELODY AKHAVAN, NEYDA
11 SALAZAR, PANOS MARFAZELIAN,
   SEAN REESE, TAMERA FIELD,
12 SHANE LOGAN, PAUL PERRONE,
   LUIS NANEZ, SHAISTA KHAN,
13 NORA BURRELL, FRANK GORDON,
   GLORIA GREEN and DEBRA BOBAN,
14 all individuals,

15              Plaintiffs,

16         v.

17 WELLS FARGO BANK, N.A., a
   Delaware corporation; and DOES 1
18 through 10, inclusive,

19              Defendants.

20

21      TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

22 CENTRAL DISTRICT OF CALIFORNIA:

23      PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK,

24 NATIONAL ASSOCIATION ("Defendant"), hereby removes this action from the

25 Superior Court of California for the County of Los Angeles to the United States

26 District Court for the Central District of California. This removal is based on federal

27 question jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

28 NOTICE OF REMOVAL OF
   CIVIL ACTION TO FEDERAL              -2-
   COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
United States
415 433 1940

## I.   TIMELINESS OF REMOVAL

1.   Following decertification of their overtime class action by the United States District Court in *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 2010 U.S. Dist. Lexis 3132 (N.D. Cal. Jan. 13, 2010), certain Plaintiffs on May 20, 2010, filed in Los Angeles County Superior Court, and on May 27, 2010, served on Wells Fargo, the instant Summons and Complaint entitled Denetrice Williams, *et al*, all individuals vs. Wells Fargo Bank, National Association, and Does 1 through 10, inclusive, case number BC 438024 ("Complaint").  The Complaint alleges the following eight purported causes of action against Defendant: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses); (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); and (6) Violation of California Business & Professions Code §§ 17200, *et seq*., predicated upon policies and practices that allegedly violate the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA").  The Complaint is the initial pleading setting forth the claim for relief upon which this action is based and may be removed.  This Notice of Removal is being filed within thirty (30) days after service of the initial pleading and is timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a).

2.   Every process, pleading, and order served in this case is attached as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

## II.   ORIGINAL JURISDICTION

3.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441(a) or (b).  Defendant may remove this action because it arises "under the Constitution, laws or treaties of the United States"

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
United States
415.433.1940

NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL      -3-
COURT

1   (28 U.S.C. § 1331); and/or it arises under "any Act of Congress regulating commerce

2   or protecting trade and commerce ..."  (28 U.S.C. § 1337(a)); and it is a "civil action

3   brought in a State Court of which the district courts of the United States have original

4   jurisdiction ..." (28 U.S.C. § 1441 (a)); and/or it is a  "civil action of which the district

5   courts have original jurisdiction founded on a claim or right arising under the

6   Constitution, laws or treaties of the United States ..." (28 U.S.C. § 1441(b)).

7       **4.**    Plaintiffs' Sixth Cause of Action for restitution of overtime pay is based

8   in part on an alleged violation of the federal FLSA.  *Complaint* ¶ 61.  Plaintiffs allege

9   that "Defendants' policies and practices of failing to pay overtime and minimum

10   wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207."  *Id.*, ¶ 61.

11   Plaintiffs also specifically allege that Defendant improperly classified persons

12   employed as home mortgage consultants, loan originators, loan officers, mortgage

13   specialists, reverse mortgage specialists and loan consultants as exempt from overtime

14   pay. *Complaint* ¶¶ 15, 17.  Plaintiffs "incorporate by reference and reallege" such

15   claims in their Sixth Cause of Action. *Id.* ¶ 58.

16       **5.**    Defendant may remove this action to this Court because it has

17   jurisdiction over this matter pursuant to 29 U.S.C. section 216(b).  *Breuer v. Jim's*

18   *Concrete of Brevard, Inc.*, 538 U.S. 691, 699-700. (2003).  As the Supreme Court

19   unanimously held, an employer sued in state court for alleged violations of the FLSA

20   has the right, despite objections from the plaintiff, to have the case removed.  *Id.*

21   Because Plaintiffs' Complaint seeks relief based on an alleged violation of the FLSA,

22   subject matter jurisdiction is specifically vested in this Court and the case may be

23   removed. *See Sparta Surgical Corporation v. NASD, Inc.*, 159 F.3d 1209, 1211-1212

24   (9th Cir. 1998) (complaint alleging state causes of action but seeking relief based in

25   part upon NASD rules was properly removed to federal court because subject matter

26   jurisdiction specifically vested in federal court). Plaintiffs' Complaint presents a

27   "substantial, disputed question of federal law" as an essential element of their first and

28   NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL         -4-
COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
United States
415.433.1940

1    eighth causes of action.  *Franchise Tax Bd. of California v. Construction Laborers*

2    *Vacation Trust*, 463 U.S. I, 13 (1983).

3         **6.**     Furthermore, both the Ninth Circuit and this Court have recognized that a

4    federal court may exercise jurisdiction over a Section 17200 cause of action if a

5    "substantial, disputed question of federal law is a necessary element" of the claim.

6    *See, e.g., Brennan v. Southwest Airlines,* 134 F.3d 1405, 1409 (9th Cir. 2004)

7    (removal jurisdiction upheld when Section 17200 claim rested on interpretation of

8    federal tax code); *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d

9    831,838 (9th Cir. 2004) (removal jurisdiction upheld for Section 17200 claim which

10   "turn[ed], entirely, upon the defendant's compliance with a federal [energy]

11   regulation"); *Nat 'l Credit Reporting Assn v. Experian Information Solutions*, No. C

12   04-01661WHA, 2004 U.S. Dist. LEXIS 17303, at * 10 (N.D. Cal., July 21, 2004)

13   (Section 17200 claim which was predicated on violation of federal antitrust claim held

14   removable to federal court; "even if § 17200 provides for a separate remedy for a

15   violation of the borrowed federal law, the 'unlawful' prong of § 17200 necessarily

16   requires a determination that the borrowed federal law was violated").[1]  Because

17   Plaintiffs' Complaint requires resolution of a substantial, disputed federal question,

18   the case may be removed to this Court.

19        **7.**     Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction

20   over Plaintiffs' remaining causes of action because they are substantially related to

21   their sixth cause of action.  Because these causes of action arise from the same nucleus

22   of operative facts as do the sixth cause of action, all should be tried in one action.

23   *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).

24   Considerations of convenience, judicial economy and fairness to the litigants strongly

25   favor this Court exercising jurisdiction over Plaintiffs' entire Complaint.  *United Mine*

26   *Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

27   _____

[1] This case is attached to the declaration of Lindbergh Porter, Jr., filed herewith.

28   NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL          -5-
COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108-2693
United States
415.433.1940

III.   **VENUE**

    **8.**    Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court of California, County of Los Angeles.

IV.   **NOTICE OF REMOVAL**

    **9.**    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of Los Angeles.

    WHEREFORE, Defendant respectfully requests this action be duly removed to this Court, and that it proceed herein.

Dated:    June 2⁴, 2010

 

Lindbergh Porter, Jr.
Richard H. Rahm
Alison S. Hightower
LITTLER MENDELSON, P.C.

Attorneys for Defendant
Wells Fargo Bank, N.A.

FIRMWIDE:95867236.1 051995.1024

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
United States
415 433.1940

NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL
COURT

-6-

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1
through 10, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

DENETRICE WILLIAMS; ADDITIONAL PARTIES ATTACHMENT
FORM IS ATTACHED

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 20 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Superior Court of California, County of Los Angeles, Stanley Mosk, 111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER: (Número del Caso): B C 4 3 8 0 2 4 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Liana Beneli, Initiative Legal Group, APC, 1800 Century Park East, 2nd Floor, LA, CA 90067; 310.556.5637

DATE: May 20, 2010        John A. Clarke        Clerk, by _____, Deputy
(Fecha)   MAY 20 2010                             (Secretario)                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): WELLS FARGO BANK, N.A., A DELAWARE CORPORATION
   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE:<br>_ Williams, et al. v. Wells Fargo Bank, N.A. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

DENETRICE WILLIAMS, GREGORY SCHNEIDER, ALPHONSO RUDOLPH, DELORICE RICHARDSON, EARL REASON, MARK HAMILTON, MATHRO PARYANI, MICHELLE HAYNES, RODRIGO VIANNA, SANDY BARRESI, STANLEY SHECHTMAN, STEVE SHIRZADI, STEVEN FOX, JONATHAN FAROOK, MICHAEL ALDAY, JAYSON BIACAN, OCTAVIO NAVARRO, DENNIS DONOHUE, JOYCE DRAKE, BRIAN ROBBINS, DAWN WILEY, JONATHAN SHRUM, DEBORAH RUSSELL, ERIC HORVAT, MANUEL ESPARZA, JESSICA ROBINSON, KARIN BATES LASKOWSKI, RENAE POWERS, CARRYNE LATADA, MARIA DE LA ROSA, CHERYL DOHERTY, DANIEL ALTON, CONNIE HAFKER, JEFF HENDERSON, JOSEPH MCGREEVY, LIDIA MURILLO, LORIE SUNGA, MARGARET SABINO, NANCY VANNI, NORMA BUSTOS, PATRICK ALEXANDER TOY, MATTHEW SORRENTI, PAMELA JOHNSON, STEPHEN AGUAYO, THOMAS SCABARETI, SHANNON MAGDALENO, BENJAMIN BRYAN, ARMANDO PADILLA, MARSHA KAYE, CHER HORRICE, LINDA L. LANE, LINDA SUMMERS, LEE BOTSFORD, JACOB SWALWELL, JASVINDER SINGH, JERRY REIMERS, CEILO RODRIGUEZ, NAZIM KARIM, WENDY POTEET, DAVID COX, JEFFREY CEREDA, MICHAEL GOLINI JR., TINA DOVER, YVETTE BONILLA, DIANA ANGUIANO, KAREN PIKE, TONI SCHEXNAYDER, TRACY BORJA, TRAVIS TRAMEL, KIRK BRIDGES, BENJAMIN HEINRICHS, JASON HOPSON, MECIA PADILLA, CHARLES HAWKINS, KATHLEEN MATTHEWS, JEFF TARKINGTON, PIA NAKAO, ELI NOLAN, GARY DAMSEN, ANTONIO CHAVEZ, ZARAK AFRIDI, RONALD SEQUEIRA, NORMA CAYWOOD, RAYMOND VALITE, JAMES JACKSON JR., MELODY AKHAVAN, NEYDA SALAZAR, PANOS MARFAZELIAN, SEAN REESE, TAMERA FIELD, SHANE LOGAN, PAUL PERRONE, LUIS NANEZ, SHAISTA KHAN, NORA BURRELL, FRANK GORDON, GLORIA GREEN and DEBRA BOBAN, all individuals,

Page  1  of  1

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

1  Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
2  David Cheng (SBN 240926)
   DCheng@@InitiativeLegal.com
3  Liana Beneli (SBN 256023)
   LBeneli@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for All Plaintiffs

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

MAY 30 2010

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
      DOROTHY SWAIN

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10                                           BC438024

11  DENETRICE WILLIAMS, GREGORY       Case No.
    SCHNEIDER, ALPHONSO RUDOLPH,
12  DELORICE RICHARDSON, EARL         COMPLAINT FOR:
    REASON, MARK HAMILTON,
13  MATHRO PARYANI, MICHELLE          (1)  Violation of California Labor Code
    HAYNES, RODRIGO VIANNA, SANDY          §§ 510 and 1198 (Unpaid Overtime);
14  BARRESI, STANLEY SHECHTMAN,       (2)  Violation of California Labor Code
    STEVE SHIRZADI, STEVEN FOX,            §§ 2800 and 2802 (Unpaid Business
15  JONATHAN FAROOK, MICHAEL               Expenses);
    ALDAY, JAYSON BIACAN, OCTAVIO     (3)  Violation of California Labor Code
16  NAVARRO, DENNIS DONOHUE,               §§ 201 and 202 (Wages Not Timely Paid
    JOYCE DRAKE, BRIAN ROBBINS,            Upon Termination);
17  DAWN WILEY, JONATHAN SHRUM,       (4)  Violation of California Labor Code § 204
    DEBORAH RUSSELL, ERIC HORVAT,          (Wages Not Timely Paid During
18  MANUEL ESPARZA, JESSICA                Employment);
    ROBINSON, KARIN BATES            (5)  Violation of California Labor Code
19  LASKOWSKI, RENAE POWERS,               § 226(a) (Non-compliant Wage
    CARRYNE LATADA, MARIA DE LA            Statements); and
20  ROSA, CHERYL DOHERTY, DANIEL      (6)  Violation of California Business &
    ALTON, CONNIE HAFKER, JEFF             Professions Code §§ 17200, et seq.
21  HENDERSON, JOSEPH MCGREEVY,
    LIDIA MURILLO, LORIE SUNGA,
22  MARGARET SABINO, NANCY VANNI,     **Jury Trial Demanded**
    NORMA BUSTOS, PATRICK
23  ALEXANDER TOY, MATTHEW
    SORRENTI, PAMELA JOHNSON,
24  STEPHEN AGUAYO, THOMAS
    SCABARETI, SHANNON
25  MAGDALENO, BENJAMIN BRYAN,
    ARMANDO PADILLA, MARSHA KAYE,
26  CHER HORRICE, LINDA L. LANE,
    LINDA SUMMERS, LEE BOTSFORD,
27  JACOB SWALWELL, JASVINDER
    SINGH, JERRY REIMERS, CEILO
28  RODRIGUEZ, NAZIM KARIM, WENDY

*(left margin, vertical)* INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

*(right margin, vertical)* BY FAX

POTEET, DAVID COX, JEFFREY
CEREDA, MICHAEL GOLINI JR., TINA
DOVER, YVETTE BONILLA, DIANA
ANGUIANO, KAREN PIKE, TONI
SCHEXNAYDER, TRACY BORJA,
TRAVIS TRAMEL, KIRK BRIDGES,
BENJAMIN HEINRICHS, JASON
HOPSON, MECIA PADILLA, CHARLES
HAWKINS, KATHLEEN MATTHEWS,
JEFF TARKINGTON, PIA NAKAO, ELI
NOLAN, GARY DAMSEN, ANTONIO
CHAVEZ, ZARAK AFRIDI, RONALD
SEQUEIRA, NORMA CAYWOOD,
RAYMOND VALITE, JAMES JACKSON
JR., MELODY AKHAVAN, NEYDA
SALAZAR, PANOS MARFAZELIAN,
SEAN REESE, TAMERA FIELD, SHANE
LOGAN, PAUL PERRONE, LUIS
NANEZ, SHAISTA KHAN, NORA
BURRELL, FRANK GORDON, GLORIA
GREEN and DEBRA BOBAN, all
individuals,

        Plaintiffs,

    vs.

WELLS FARGO BANK, N.A., a Delaware
corporation; and DOES 1 through 10,
inclusive,

        Defendants.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

1   Plaintiffs allege as follows:

2                 **JURISDICTION AND VENUE**

3      1.     The monetary damages and restitution sought by Plaintiffs exceed the minimal

4   jurisdiction limits of the Superior Court and will be established according to proof at trial.

5   The amount in controversy for each Plaintiff, including claims for compensatory damages and

6   pro rata share of attorneys' fees, is less than $75,000.  The amount in controversy is less than

7   $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of

8   attorneys' fees.

9      2.     This Court has jurisdiction over this action pursuant to the California

10   Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in

11   all causes except those given by statute to other courts." The statutes under which this action

12   is brought do not specify any other basis for jurisdiction.

13      3.     This Court has jurisdiction over all Defendants because, upon information and

14   belief, each party is either a citizen of California, has sufficient minimum contacts in

15   California, or otherwise intentionally avails itself of the California market so as to render the

16   exercise of jurisdiction over it by the California courts consistent with traditional notions of

17   fair play and substantial justice.

18      4.     Venue is proper in this Court because, upon information and belief, one or

19   more of the named Defendants reside, transact business, or have offices in this county and

20   some of the acts and omissions alleged herein took place in this county.

21                     **THE PARTIES**

22      5.     Plaintiffs are residents of the State of California.  Plaintiffs were employed by

23   the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan

24   Originators, Loan Officers, Mortgage Specialists, Reverse Mortgage Specialists, Loan

25   Consultants, collectively referred to as ("HMCs").

26      6.     Defendant WELLS FARGO BANK, N.A. was and is, upon information and

27   belief, a business entity incorporated in Delaware and headquartered in San Francisco,

28   California, and at all times hereinafter mentioned an employer whose employees are engaged

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

throughout this county, the State of California, or the various states of the United States of America.  Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity headquartered outside of the State of California which sells and originates home mortgages loans.  Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of California as HMCs to originate and produce mortgage loans.

7.     Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

8.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A. and were acting on behalf of WELLS FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A. at all relevant times.

9.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A. and DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## STATEMENT OF FACTS

12.     At all relevant times set forth, Defendants employed Plaintiffs as commission paid employees.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

13.     Defendants have employed Plaintiffs, who began and ended employment on different dates, as "Home Mortgage Consultants," which is a commission paid position, during the period from about February 10, 2001 to the present, at Defendants' multiple locations throughout California.

14.     While employed as HMCs, Plaintiffs were engaged in originating, producing and selling home loans.

15.     Defendants compensated Plaintiffs on a commission sales basis and did not keep records of Plaintiffs' work hours or their activities.  Defendants paid Plaintiffs based on the loans that actually closed and recorded.  Defendants never paid Plaintiffs any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours per day and in excess of (40) hours per week.  Rather, Defendants classified Plaintiffs as exempt from overtime compensation.

16.     Defendants continue to employ commission paid employees within California.

## GENERAL ALLEGATIONS

17.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation. Defendants misclassified Plaintiffs as employees exempt from overtime because they received sales commissions.

18.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely uninterrupted meal period.

19.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

20.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   related expenses and costs they incurred during the course and scope of their employment, and

2   that they did not receive full reimbursement of applicable business-related expenses and costs

3   they incurred.

4       21.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

5   should have known that Plaintiffs were entitled to all commissions due to them, and that they

6   did not receive all commissions due to them.

7       22.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

8   should have known that Plaintiffs were entitled to receive complete and accurate wage

9   statements in accordance with California law and that they did not receive complete and

10  accurate wage statements that included, among other things, total hours worked and all

11  applicable hourly and overtime rates.

12      23.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

13  mentioned, Defendants knew or should have known that they had a duty to compensate

14  Plaintiffs, and that Defendants had the financial ability to pay such compensation, but

15  willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that

16  they were properly denied wages, all in order to increase Defendants' profits.

17      24.    California Labor Code section 218 states that nothing in Article 1 of the Labor

18  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

19  due to him [or her] under this article."

20                              **FIRST CAUSE OF ACTION**

21                    **Violation of California Labor Code §§ 510 and 1198**

22                              **(Against All Defendants)**

23      25.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

24  material allegations set out in paragraphs 1 through 24.

25      26.    California Labor Code section 1198 and the applicable Industrial Welfare

26  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

27  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

28  rate of pay, depending on the number of hours worked by the person on a daily or weekly

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   basis.

2       27.    Specifically, the applicable IWC Wage Order provides that Defendants are and

3   were required to pay Plaintiffs employed by Defendants, and working more than eight (8)

4   hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

5   for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

6   workweek.

7       28.    The applicable IWC Wage Order further provides that Defendants are and were

8   required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours

9   in a day, overtime compensation at a rate of two times their regular rate of pay.

10       29.    California Labor Code section 510 codifies the right to overtime compensation

11   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

12   in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

13   of work, and to overtime compensation at twice the regular hourly rate for hours worked in

14   excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

15   of work.

16       30.    During the relevant time period, Plaintiffs consistently worked in excess of

17   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

18   hours in a week.

19       31.    During the relevant time period, Defendants willfully failed to pay all overtime

20   wages owed to Plaintiffs.  Plaintiffs were misclassified as exempt from overtime

21   compensation when they should have been paid overtime compensation for time worked in

22   excess of eight (8) hours per day and/or forty (40) hours per week.

23       32.    Defendants' failure to pay Plaintiffs the unpaid balance of overtime

24   compensation, as required by California laws, violates the provisions of California Labor

25   Code sections 510 and 1198, and is therefore unlawful.

26       33.    Pursuant to California Labor Code section 1194, Plaintiffs are entitled to

27   recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802

### (Against All Defendants)

34.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 33.

35.   At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

36.   Plaintiffs incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone expenses, and expenses for client meals, that resulted from their employment with Defendants. Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiffs, to pay for said costs from their own funds.  Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said business-related expenses and costs.

37.   Defendants have intentionally and willfully failed to fully reimburse Plaintiffs for necessary business-related expenses and costs.

38.   Plaintiffs are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code sections 2800 and 2802.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

### (Against All Defendants)

39.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 38.

40.   At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1 (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

2 his or her intention to quit, in which case the employee is entitled to his or her wages at the

3 time of quitting.

4     41.    During the relevant time period, Defendants willfully failed to pay Plaintiffs

5 who are no longer employed by Defendants their wages, earned and unpaid, either at the time

6 of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

7     42.    Defendants' failure to pay Plaintiffs who are no longer employed by

8 Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

9 hours of their leaving Defendants' employ, is in violation of California Labor Code sections

10 201 and 202.

11     43.    California Labor Code section 203 provides that if an employer willfully fails

12 to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

13 shall continue as a penalty from the due date, and at the same rate until paid or until an action

14 is commenced; but the wages shall not continue for more than thirty (30) days.

15     44.    Plaintiffs are entitled to recover from Defendants the statutory penalty wages

16 for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor

17 Code section 203.

18 **FOURTH CAUSE OF ACTION**

19 **Violation of California Labor Code § 204**

20 **(Against All Defendants)**

21     45.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

22 material allegations set out in paragraphs 1 through 44.

23     46.    At all times herein set forth, California Labor Code section 204 provides that

24 all wages earned by any person in any employment between the 1st and the 15th days,

25 inclusive, of any calendar month, other than those wages due upon termination of an

26 employee, are due and payable between the 16th and the 26th day of the month during which

27 the labor was performed.

28     47.    At all times herein set forth, California Labor Code section 204 provides that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  all wages earned by any person in any employment between the 16th and the last day,

2  inclusive, of any calendar month, other than those wages due upon termination of an

3  employee, are due and payable between the 1st and the 10th day of the following month.

4      48.    At all times herein set forth, California Labor Code section 204 provides that

5  all wages earned for labor in excess of the normal work period shall be paid no later than the

6  payday for the next regular payroll period.

7      49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

8  wages due to them, within any time period permissible by California Labor Code section 204.

9      50.    Plaintiffs are entitled to recover all remedies available for violations of

10 California Labor Code section 204.

11                          **FIFTH CAUSE OF ACTION**

12                **Violation of California Labor Code § 226(a)**

13                        **(Against All Defendants)**

14     51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

15 material allegations set out in paragraphs 1 through 50.

16     52.    At all material times set forth herein, California Labor Code section 226(a)

17 provides that every employer shall furnish each of his or her employees an accurate itemized

18 wage statement in writing showing nine pieces of information, including all applicable hourly

19 rates, and total hours worked, among other things.

20     53.    Defendants have intentionally and willfully failed to provide employees with

21 complete and accurate wage statements.  The deficiencies include, among other things, the

22 failure to include the total number of hours worked by Plaintiffs and the failure to list all

23 applicable hourly rates.

24     54.    As a result of Defendants' violation of California Labor Code section 226(a),

25 Plaintiffs have suffered injury and damage to their statutorily-protected rights.

26     55.    Specifically, Plaintiffs have been injured by Defendants' intentional violation

27 of California Labor Code section 226(a) because they were denied both their legal right to

28 receive, and their protected interest in receiving, accurate, itemized wage statements under

California Labor Code section 226(a).

56.     Plaintiffs are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

57.     Plaintiffs are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

### SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

### (Against All Defendants)

58.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 57.

59.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs and to the general public.  Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

60.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

61.     A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying them proper compensation violates California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of not reimbursing its employees, including Plaintiffs, for business-related expenses and costs violate California Labor Code sections 2800 and 2802.  Defendants' policies and practices of failing to timely pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90057

Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

      62.    Plaintiffs have been personally injured by Defendants' unlawful business acts

and practices as alleged herein, including but not necessarily limited to the loss of money

and/or property.

      63.    Pursuant to California Business & Professions Code sections 17200, et seq.,

Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

period from about February 10, 2001 to the present; a permanent injunction requiring

Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

of costs.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

### As to the First Cause of Action

      1.    That the Court declare, adjudge and decree that Defendants violated California

Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

pay all overtime wages due to Plaintiffs;

      2.    For general unpaid wages at overtime wage rates and such general and special

damages as may be appropriate;

      3.    For pre-judgment interest on any unpaid overtime compensation commencing

from the date such amounts were due;

      4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

California Labor Code section 1194(a); and

      5.    For such other and further relief as the Court may deem equitable and

appropriate.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**As to the Second Cause of Action**

6.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs;

7.   For unpaid wages and such general and special damages as may be appropriate;

8.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

9.   For all actual, consequential and incidental losses and damages, according to proof; and

10.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

11.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs no longer employed by Defendants.

12.   For all actual, consequential and incidental losses and damages, according to proof;

13.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs who have left Defendants' employ;

14.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

16.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiffs;

17.   For all actual, consequential and incidental losses and damages, according to

1   proof;

2       18.   For pre-judgment interest on any untimely paid compensation, from the date

3   such amounts were due; and

4       19.   For such other and further relief as the Court may deem equitable and

5   appropriate.

6                        **As to the Fifth Cause of Action**

7       20.   That the Court declare, adjudge and decree that Defendants violated the record

8   keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

9   as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

10      21.   For all actual, consequential and incidental losses and damages, according to

11  proof;

12      22.   For statutory penalties pursuant to California Labor Code section 226(e);

13      23.   For injunctive relief to ensure compliance with this section, pursuant to

14  California Labor Code section 226(g); and

15      24.   For such other and further relief as the Court may deem equitable and

16  appropriate.

17                       **As to the Sixth Cause of Action**

18      25.   That the Court declare, adjudge and decree that Defendants violated California

19  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

20  overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

21  failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

22  for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

23  failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

24  and 204;

25      26.   For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

26  day such amounts were due and payable;

27      27.   For the appointment of a receiver to receive, manage and distribute any and all

28  funds disgorged from Defendants and determined to have been wrongfully acquired by

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 12

COMPLAINT

1   Defendants as a result of violations of California Business & Professions Code sections 17200

2   et seq.;

3        28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4   California Code of Civil Procedure section 1021.5;

5        29.    For injunctive relief to ensure compliance with this section, pursuant to

6   California Business & Professions Code sections 17200, et seq.; and

7        30.    For such other and further relief as the Court may deem equitable and

8   appropriate.

9

10   Dated: May 19, 2010                    Respectfully submitted,

11                                          Initiative Legal Group APC

12

13                              By: _____

14                                          Mónica Balderrama
                                            David Cheng
15                                          Liana Beneli

16                                          Attorneys for All Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067



**CORPORATION SERVICE COMPANY°**

# Notice of Service of Process

**AP1 / ALL**
**Transmittal Number: 7692264**
**Date Processed: 05/27/2010**

| Primary Contact: | Diana Benda - WFB<br>Wells Fargo, Inc.<br>800 Walnut Street<br>Des Moines, IA 50309 |
|---|---|

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Denetrice Williams vs. Wells Fargo Bank, N.A. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Los Angeles County Superior Court, California |
| **Case Number:** | BC438024 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/27/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Liana Beneli<br>310-556-5637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

1   Mónica Balderrama (SBN 196424)
    MBalderrama@InitiativeLegal.com
2   David Cheng (SBN 240926)
    DCheng@@InitiativeLegal.com
3   Liana Beneli (SBN 256023)
    LBeneli@InitiativeLegal.com
4   Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
5   Los Angeles, California 90067
    Telephone:     (310) 556-5637
6   Facsimile:     (310) 861-9051

7   Attorneys for All Plaintiffs

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10

11  DENETRICE WILLIAMS, GREGORY            Case No.:  BC438024
    SCHNEIDER, ALPHONSO RUDOLPH,
12  DELORICE RICHARDSON, EARL REASON,      **ASSIGNED FOR ALL PURPOSES TO:**
    MARK HAMILTON, MATHRO PARYANI,         Hon. Teresa Sanchez-Gordon
13  MICHELLE HAYNES, RODRIGO VIANNA,
    SANDY BARRESI, STANLEY SHECHTMAN,      **PROOF OF SERVICE OF SUMMONS**
14  STEVE SHIRZADI, STEVEN FOX,            **AND COMPLAINT ON WELLS FARGO**
    JONATHAN FAROOK, MICHAEL ALDAY,        **BANK, N.A.**
15  JAYSON BIACAN, OCTAVIO NAVARRO,
    DENNIS DONOHUE, JOYCE DRAKE,           Place:          Department 74
16  BRIAN ROBBINS, DAWN WILEY,
    JONATHAN SHRUM, DEBORAH RUSSELL,
17  ERIC HORVAT, MANUEL ESPARZA,
    JESSICA ROBINSON, KARIN BATES
18  LASKOWSKI, RENAE POWERS, CARRYNE
    LATADA, MARIA DE LA ROSA, CHERYL
19  DOHERTY, DANIEL ALTON, CONNIE
    HAFKER, JEFF HENDERSON, JOSEPH
20  MCGREEVY, LIDIA MURILLO, LORIE
    SUNGA, MARGARET SABINO, NANCY
21  VANNI, NORMA BUSTOS, PATRICK
    ALEXANDER TOY, MATTHEW SORRENTI,
22  PAMELA JOHNSON, STEPHEN AGUAYO,
    THOMAS SCABARETI, SHANNON
23  MAGDALENO, BENJAMIN BRYAN,
    ARMANDO PADILLA, MARSHA KAYE,
24  CHER HORRICE, LINDA L. LANE, LINDA
    SUMMERS, LEE BOTSFORD, JACOB
25  SWALWELL, JASVINDER SINGH, JERRY
    REIMERS, CEILO RODRIGUEZ, NAZIM
26  KARIM, WENDY POTEET, DAVID COX,
    JEFFREY CEREDA, MICHAEL GOLINI JR.,
27  TINA DOVER, YVETTE BONILLA, DIANA
    ANGUIANO, KAREN PIKE, TONI
28  SCHEXNAYDER, TRACY BORJA, TRAVIS

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**TO THE HONORABLE COURT:**

Defendant Wells Fargo Bank, N.A. was personally served with the Summons, Complaint and accompanying documents on May 27, 2010 by effectuating service on its agent for service of process.

Attached as Exhibit A is a true and correct copy of the Proof of Service on defendant Wells Fargo Bank, N.A.

Dated:  June 18, 2010                                  Respectfully submitted,

                                                       Initiative Legal Group APC


                                              By: _____
                                                       Mónica Balderrama
                                                       David Cheng
                                                       Liana Beneli

                                                       Attorneys for All Plaintiffs

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK, N.A.

# EXHIBIT A

| Attorney or Party without Attorney:<br>INITIATIVE LEGAL GROUP<br>1800 CENTURY PARK EAST<br>2ND FLOOR<br>LOS ANGELES, CA  90067<br>*Telephone No:* 310-556-5637          *FAX No:* 310-861-9051 | For Court Use Only |
|---|---|
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>WELLS FARGO LITIGATION-LA |

| *Insert name of Court, and Judicial District and Branch Court:*<br>LOS ANGELES COUNTY SUPERIOR COURT- CENTRAL DISTRICT |
|---|
| *Plaintiff:* DENETRICE WILLIAMS, et al. |
| *Defendant:* WELLS FARGO BANK, N.A. |

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>BC438024 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS & COMPLAINT; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE;
   ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; CIVIL CASE COVER SHEET; CIVIL CASE
   COVER SHEET ADDENDUM AND STATEMENT OF LOCATION.

3. a. *Party served:*                    WELLS FARGO BANK, N.A., A DELAWARE CORPORATION
   b. *Person served:*                   BECKY DEGEORGE, AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:*      CSC LAWYERS INCORPORATED
                                               2730 GATEWAY OAKS DRIVE
                                               SUITE 100
                                               SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
   process for the party (1) on: Thu., May. 27, 2010 (2) at: 2:12PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: WELLS FARGO BANK, N.A., A DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JENICE ROSSNER                  d.  *The Fee for Service was:*
   b. PROLEGAL                        e.  I am: (3)  registered California process server
      1706 S. FIGUEROA ST.                    (i)   Independent Contractor
      LOS ANGELES, CA 90015                   (ii)  *Registration No.:*      98-02
   c. 213-481-8100                            (iii) *County:*                Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Tue, Jun. 01, 2010

   Judicial Council Form POS-010                    PROOF OF SERVICE                    (JENICE ROSSNER)        3646683.hile_38539
   Rule 2.150.(a)&(b) Rev January 1, 2007           SUMMONS & COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Initiative Legal Group APC, 1800 Century Park East, Second Floor, Los Angeles, California 90067.

     On June 18, 2010, I served the within document(s) described below as:

**PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK, N.A.**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

Lindbergh Porter, Jr.
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, California 94108-2693

(X)   **MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

( )   **PERSONAL:**  I caused such envelope to be delivered by hand to the individuals at the address listed above.

( )   **OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

( )   **FACSIMILE:**  I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

(X)   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     **EXECUTED** this document on June 18, 2010, at Los Angeles, California.

_____
Sandra Petkov

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 4761 RSWL (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Denetrice Williams, et al., all individuals

**DEFENDANTS**
Wells Fargo Bank, N.A., a Delaware corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Monica Balderrama; David Cheng; Liana Beneli
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067
Telephone: (310) 556-5637

**Attorneys (If Known)**
Lindbergh Porter, Jr.; Richard H. Rahm; Alison S. Hightower
Littler Mendelson, PC
650 California Street, 20th Floor
San Francisco, CA 94108-2693
Telephone: (415) 433-1940

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Fair Labor Standards Act 29 U.S.C. Secs. 206 & 207

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV10 -4761 RSWL (PJWx)
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?    ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?    ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County<br>Orange County | |

(b)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All counties | |

(c)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County<br>Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _*[signature]*_    Date June 24, 2010
Lindbergh Porter, Jr.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com