JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand (Docket No. 14) filed by plaintiffs Michael Alday, Daniel Alton, Diana Anguiano, Sandy Barresi, Jayson Biacan, Debra Boban, Yvette Bonilla, Tracy Borja, Lee Botsford, Kirk Bridges, Benjamin Bryan, Nora Burrell, Norma Bustos, Norma Caywood, Jeffrey Cereda, Antonio Chavez, David Cox, DOES, Gary Damsen, Maria De La Rosa, Cheryl Doherty, Dennis Donohue, Tina Dover, Joyce Drake, Manuel Esparza, Jonathan Farook, Tamera Field, Steven Fox, Michael Golini, Jr, Frank Gordon, Gloria Green, Connie Hafker, Mark Hamilton, Charles Hawkins, Michelle Haynes, Benjamin Heinrichs, Jeff Henderson, Jason Hopson, Cher Horrice, Eric Horvat, James Jackson, Jr, Pamela Johnson, Nazim Karim, Marsha Kaye, Shaista Khan, Linda L. Lane, Karin Bates Laskowski, Carryne Latada, Sean Logan, Shannon Magdaleno, Panos Marfazelian, Kathleen Matthews, Joseph McGreevy, Lidia Murillo, Pia Nakao, Luis Nanez, Octavio Navarro, Eli Nolan, Armando Padilla, Mecia Padilla, Mathro Paryani, Paul Perrone, Karen Pike, Wendy Poteet, Renae Powers, Earl Reason, Sean Reese, Jerry Reimers, Delorice Richardson, Brian Robbins, Jessica Robinson, Ceilo Rodriguez, Alfonso Rudolph, Deborah Russell, Margaret Sabino, Neyda Salazar, Thomas Scabareti, Toni Schexnayder, Gregory Schneider, Ronald Sequeira, Stanley Shechtman, Steve Shirzadi, Jonathan Shrum, Jasvinder Singh, Matthew Sorrenti, Linda Summers, Lorie Sunga, Jacob Swalwell, Jeff Tarkington, Patrick Alexander Toy, Travis Tramel, Raymond Valite, Nancy Vanni, Rodrigo Vianna, Dawn Wiley, Denetrice Williams ("Plaintiffs").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing scheduled for August 9, 2010 is vacated, and the matter taken off calendar.

This action arises out of Plaintiffs' allegations that defendant Wells Fargo Bank, N.A. ("Defendant") misclassified them as exempt from overtime and failed to pay wages for overtime compensation.  Plaintiffs were employed by Defendant as "Home Mortgage Consultants" sometime between February 10, 2001 and the present.  During that time, Plaintiffs were paid on a commission sales basis and were never paid any overtime or premium pay.  On May 30, 2010, Plaintiffs brought this action against Defendant in the Superior Court for the County of Los Angeles, alleging (1) violation California Labor Code §§ 510 and 1198 for unpaid overtime; (2) violation of California Labor Code §§ 2800 and 2802 for unpaid business expenses; (3) violation  California Labor Code §§ 201 and 202 for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. | | |

wages not timely paid upon termination; (4) violation California Labor Code § 204 for wages not timely paid during employment; (5) violation California Labor Code § 226(a) for non-compliant wage statements; and (6) violation of California Business & Professions Code §§ 17200, et seq.

Defendant filed a Notice of Removal on June 28, 2010, alleging that this Court has federal question jurisdiction over this matter. (Docket No. 1.) Plaintiffs maintain that they have only alleged state law claims, and thus there is no basis for subject matter jurisdiction. The Court agrees.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and thereby defeat removal. Hunter v. United Van Lines, 746 F.2d 635, 641 (9th Cir. 1984). A narrow exception to this general principle exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987). However, the "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Salveson v. Western States Bankcard Association, 731 F.2d 1423, 1427 (9th Cir. 1984).

Defendant contends that federal jurisdiction exists here because federal law creates the cause of action and Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law.

First, Defendant seems to argue that Plaintiffs have effectively alleged a separate federal claim by alleging violation of the UCL based on violation of a federal law. However, this argument fails. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practices, section 17200 'borrows' violations of other laws and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. | | |

treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999) (internal quotations and citations omitted). As such, the "unlawful" prong of the UCL effectively turns a violation of the underlying law into a per se violation of the UCL. Id.

By contending that Plaintiffs have alleged a federal claim insofar as their UCL claim is based on FLSA, Defendant is asking that this Court treat UCL claims and the violations upon which they are based as one in the same. However, Defendant has not cited, and the Court has not found, any authority which supports this position. Indeed, Defendant's view seems to directly contradict the California Supreme Court's characterization of the UCL as a statute that "borrows" violations of other laws and makes them "independently actionable." Accordingly, the Court does not find that Plaintiffs have somehow alleged a federal cause of action by basing their UCL claim in part on Defendant's alleged violation of FLSA.

Defendant also argues that Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law. More specifically, Defendant contends that because most of Plaintiffs' claims stem from their allegations that Defendant misclassified them as exempt from overtime compensation, and Plaintiffs' overtime claim is entirely dependent on an interpretation of the FLSA, the resolution of Plaintiffs' claims depends upon the resolution of whether Defendant violated the FLSA.

Defendant's argument is not persuasive. Although Defendant is correct in noting that most of Plaintiffs' claims stem from allegations that Defendant improperly classified them as exempt, there is no indication in the complaint that this misclassification is based on exemptions set forth in federal law, as opposed to California law. Further, the cases that Defendant cites in support of its argument are inapposite. Defendant cites to several cases in which courts have found that there was federal question jurisdiction over a UCL claim based upon an alleged violation of federal law. See, e.g., Brennan v. Southwest Airlines, 134 F.3d 1405, 1409 (9th Cir. 2004); People ex rel. Lockyer v. Dynegy Power Marketing, 375 F.3d 831, 846 n. 6 (9th Cir. 2004); Nat'l Credit Reporting Assn. v. Perian Information Solutions, Inc., 2004 U.S. Dist. LEXIS 17303 (N.D. Cal. July 21, 2004); Wiley v. Trendwest Resorts, Inc., 2005 U.S. Dist. LEXIS 35568 (N.D. Cal. May 3, 2005). However, each of these cases is distinguishable because they address UCL claims based on either the violation of a federal statute over which the federal courts have exclusive jurisdiction, or the violation of a single federal statute, with no allegations of state law violations. See Brennan, 134 F.3d at 1409-10 (finding that plaintiffs' action was actually a tax refund suit for which only the Internal Revenue Code could provide a remedy); Dynegy, 375 F.3d at 839-40 (finding that complaint was an attempt to enforce federal tariffs over which district courts have exclusive jurisdiction under the Federal Power Act); Nat'l Credit Reporting, 2004 U.S. Dist. LEXIS 17303 at *7 (finding that UCL claim required interpretation of the Sherman Act, which grants exclusive jurisdiction to the federal courts); Wiley, 2005 U.S. Dist. LEXIS 35568 at *6 (finding UCL claim gave rise to federal question jurisdiction because it was "premised solely on Plaintiffs' ability to prove that Defendant violated the FLSA").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
|---|---|---|---|
| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. | | |

Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist. See, e.g., Holliman v. Kaiser Foundation Health Plan, 2006 U.S. Dist. LEXIS 14627 at *13 (N.D. Cal. March 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of California Labor Code and FLSA); Roskind v. Morgan Stanley Dean Witter & Co., 165 F.Supp.2d 1059, 1067 (N.D. Cal. April 11, 2001) (finding no federal question jurisdiction where UCL claim was based on "unfair" misrepresentations and violation of the National Association of Securities Dealers rules); Castro v. Providian Nat'l Bank, 2000 U.S. Dist. LEXIS 19062 at *8-9 (N.D. Cal. Dec. 29, 2000) (finding that even if plaintiffs were basing UCL claim on violation of federal Truth in Lending Act ("TILA") in addition to violations of California law, claim did not depend on question of federal law because jury could find violation of section 17200 without finding violation of TILA).

Here, Plaintiffs have alleged a UCL claim based on a number of "unlawful" acts, which include two FLSA violations in addition to nine violations of the California Labor Code. Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that Defendant violated section 17200 without also finding that it violated the FLSA. As such, Plaintiffs' UCL claim does not depend upon the resolution of a question of federal law.

For the foregoing reasons, the Court grants Plaintiffs' Motion and remands this action to Los Angeles County Superior Court, Case No. BC438024 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant's Motion to Dismiss (Docket No. 8) and Request for Judicial Notice (Docket No. 12) are denied as moot. The hearing currently calendared for August 16, 2010, is vacated and the matter taken off calendar

IT IS SO ORDERED.